# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ERICA COOPER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KIMBERLY LANE and TERRI DAVIS, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 5:19-cv-273 (MTT) |

## ORDER

The complaint was filed on July 9, 2019, and the Defendants waived service on August 1, 2019. Docs. 1; 4; 5. The Defendants did not file a responsive pleading within the required time, and on September 10, 2019, the Clerk of Court entered default. The next day, the Defendants moved to set aside the entry of default and filed a motion to dismiss. Docs. 7; 8.

"The [C]ourt may set aside an entry of default for good cause," and the Court may also deny a motion for default judgment and grant a request to file an untimely answer for good cause. Fed. R. Civ. P. 55(c); *see Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014) ("Perez was entitled to have her motion to file an out-of-time answer to the counterclaim considered under our 'good cause' standard applicable to setting aside a default rather than under the 'more rigorous,' 'excusable neglect' standard.") (citation omitted). The defaulting party bears the burden of establishing good cause. *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).

"Good cause is a mutable standard, varying from situation to situation," but factors for courts to consider include the following: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quotation marks and citations omitted). Courts should not find that good cause exists if the defaulting party "demonstrates an intentional or willful disregard of the judicial proceedings." *Perez*, 774 F.3d at 1337 n.7. In light of the Eleventh Circuit's "strong policy of determining cases on their merits," however, default judgments "are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quotation marks and citation omitted).

The Court finds the Defendants have shown good cause. The Defendants' lead counsel was away from the office due to medical procedures for his wife and son. Doc. 7-1 at 2. The Defendants filed the motion to dismiss promptly upon notice of the default, and only two days after the responsive pleading deadline had passed. Docs. 6; 8. The Plaintiff makes no argument that she would be unduly prejudiced by setting aside the default. Finally, although the Court makes no ruling here on the motion to dismiss, at least some of the defenses raised have potential merit. Each of the *Compania* factors weighs in favor of setting aside the default.

In the Plaintiff's response opposing the motion to set aside the entry of default, she argues the Defendant's counsel, the Georgia Department of Law, failed to establish minimum procedural safeguards to ensure a timely response to the complaint. Doc. 10

at 3. The Plaintiff's only support for this argument is its citation to *Gibbs v. Air Canada*, a case in which the Eleventh Circuit upheld the district court's denial of the defendant's motion to set aside the entry of default because the defendant had failed to establish minimum procedural safeguards. 810 F.2d 1529 (11th Cir. 1987). But the motion to set aside the entry of default in *Gibbs* was filed more than nine months after entry of default, and the court had already entered judgment; accordingly, the court had applied the "more stringent provisions of Fed.R.Civ.P. 60(b) that . . . control[] if judgment ha[s] been entered." *Id.* at 1532; *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988). Here the motion was filed one day after entry of default, rather than nine months, and the standard is a less stringent one. Also, as the Defendants note in their reply brief, there is no indication the Georgia Department of Law lacks minimal procedural safeguards; rather, the failure to file a responsive pleading was the result of counsel's inadvertence amidst unusual personal circumstances.

For the reasons noted, the Defendants' motion to set aside the entry of default (Doc. 7) is **GRANTED**.

**SO ORDERED**, this 21st day of October, 2019.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT